**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VINCENT LOFFA, | : | Civil No.  08-5369 (RBK) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| WARDEN GRONDOLSKY, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> VINCENT LOFFA, Petitioner pro se
> #10906-050
> FCI Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640

**KUGLER, District Judge**

Petitioner, Vincent Loffa ("Loffa"), currently is a federally convicted prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, complaining about the lack of medical care he is receiving at FCI Fort Dix, and seeks to be transferred to the Federal Medical Center at Fort Devens in Ayer, Massachusetts ("FMC Devens"). The named respondents include petitioner's present custodian at FCI Fort Dix, Warden Grondolsky, as well as Dr. Chung, Dr. Turner, and all physicians' assistants on the FCI Fort Dix Medical Staff.

For the reasons set forth below, this Court will dismiss the federal habeas petition, and direct that a new docket be opened as a civil complaint under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

### I.   **BACKGROUND**

Loffa alleges that he has suffered from a hernia in his testicular region since 2005.  He has difficulty ambulating due to the size and pain of the hernia.  Loffa complains that all of the physicians' assistants at FCI Fort Dix have told him he does not have a hernia.  Recently, after three years of medical complaints, Dr. Sulayman referred Loffa to Dr. Chung for a medical consultation.  On or about May 30, 2008, Dr. Chung referred Loffa for surgery.  However, no effort has been made to schedule Loffa's surgery.

Loffa also alleges that he was diagnosed with "MRSA", a serious staph infection that is life-threatening, more than one year ago.  He has had four recurrences of the MRSA in the past year because he has not been treated properly with intravenous antibiotics.  Instead, he has been prescribed Bactrim, a topical medication that treats the disease cosmetically and symptomatically, but does eradicate the bacterial infection from Loffa.

Loffa states that he has attempted to exhaust his administrative remedies before bringing this habeas action.  He

seeks to be transferred to FMC Devens for hernia surgery before the hernia strangulates and kills him, and for intravenous antibiotic treatment for his MRSA

## II. **ANALYSIS**

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Loffa is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court left open the question whether a habeas petition is available to challenge prison conditions. 411 U.S. at 499-500. The Court of Appeals for the Third Circuit has held, however, that a district court does not have subject matter jurisdiction

under 28 U.S.C. § 2241 over a habeas petition that does not challenge the fact or duration of confinement. Royce, 151 F.3d at 118.

"The label placed on a petition, however, is not determinative." Id. A mis-labeled petition "should not be dismissed until other legitimate avenues of relief are administered." Id.

Here, petitioner is challenging the lack of medical care and treatment he is receiving at FCI Fort Dix and seeks to be transferred to FMC Devens, a medical institution that would better provide the surgery and treatment required by his hernia and MRSA. Loffa does not allege that a transfer of custody to FMC Devens affects the duration of his sentence. In fact, he does not challenge his projected release date, which is currently February 26, 2016.

Thus, in essence, Loffa is attacking the conditions under which he is confined, not the ultimate duration of his confinement. See Wright v. Cuyler, 624 F.2d 455, 458 (3d Cir. 1980)(held that gaining admission to a home furlough program was a condition of confinement which can only be challenged by way of civil rights action under § 1983); see also Jamieson v. Robinson, 641 F.2d 138, 141 (3d Cir. 1981)(held that a claim respecting eligibility for work release program sounds in § 1983, not in habeas corpus).

Therefore, where the habeas relief Loffa allegedly seeks would not serve to diminish the length of his incarceration, but instead, directly affects the conditions of his confinement, the present action can be brought only as a civil rights action under Bivens,[1] not a habeas corpus action under § 2241.  Accordingly, the Court does not have subject matter jurisdiction under § 2241 to consider petitioner's habeas application.  Pursuant to the rule announced in Royce, however, the Court will sever the conditions of confinement/denial of medical care claim and direct the Clerk of the Court to docket the matter as a separate civil rights action under Bivens.  If petitioner seeks to proceed with a separate civil complaint under Bivens, then he must file the appropriate filing fee of $350.00 for civil complaints, or submit a proper application to proceed *in forma pauperis*.

## CONCLUSION

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction.  The present docket will be closed, and a new docket will be opened for further proceedings with respect to the civil rights claim under Bivens concerning the conditions of Petitioner's confinement as to his

---

[1]   Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

denial of medical care allegations.  An appropriate Order accompanies this Opinion.

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge

Dated: 2/10/09